US DISTRICT COURT INDEX SHEET










```
RYC     5/16/05     4:20
3:02-CV-46 NICHOLS INSTITUTE V. SCANTIBODIES CLINIC
*487*
*OPPM.*
```

DAVID C. DOYLE (CA SBN 70690)
ERIC M. ACKER (CA SBN 135805)
M. ANDREW WOODMANSEE (CA SBN 201780)
ANDERS T. AANNESTAD (CA SBN 211100)
KATHERINE L. PARKER (CA SBN 222629)
MORRISON & FOERSTER LLP
3811 Valley Centre Drive, Suite 500
San Diego, California 92130-2332
Telephone: (858) 720-5100

FILED
05 MAY 12 PM 2:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Defendants
SCANTIBODIES CLINICAL LABORATORY, INC., AND
SCANTIBODIES LABORATORY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLS INSTITUTE DIAGNOSTICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCANTIBODIES CLINICAL LABORATORY, INC., a California corporation; and SCANTIBODIES LABORATORY, INC., a California corporation,<br><br>Defendants. | Case No.   02 CV 0046 B (JMA)<br><br>**SCANTIBODIES' OPPOSITION TO NICHOLS' MOTION IN LIMINE NO. 4**<br><br>Date:   May 9, 2005<br>Time:   9:00 a.m.<br>Courtroom 2<br>Honorable Rudi M. Brewster |
| SCANTIBODIES CLINICAL LABORATORY, INC., a California corporation; and SCANTIBODIES LABORATORY, INC., a California corporation,<br><br>Counter-Claimants<br><br>v.<br><br>NICHOLS INSTITUTE DIAGNOSTICS, INC., a California corporation,<br><br>Counter-Defendants. | |

sd-257578

487

Case No.   02 CV 0046 B (JMA)
Scantibodies' Opp to MIL No. 4

ORIGINAL

In its May 5, 2005 ruling, this Court granted Nichols' motion for summary judgment that the '790 patent is not anticipated by the Abstract alone, but specifically permitted Scantibodies to argue to the jury that the claims of the patent are obvious in view of prior art relied on by Scantibodies in this case (under 35 U.S.C. § 103). That order also specifically states, at page 14:1-3, that there are material issues of fact for a jury regarding whether the Abstract in combination with the Forssmann '444 patent renders the patent obvious. The Court did rule, however, that the claims of the patent are not anticipated by the Abstract alone.

In light of those rulings, Scantibodies is <u>not</u> precluded from introducing evidence or arguing to the jury that any of the prior art references relied upon by Scantibodies in this case—including those listed in Scantibodies' Statement under 35 U.S.C. § 282 and the Memorandum of Contentions of Fact and Law—invalidates the patent or any of its claims under 35 U.S.C. § 102 and 103 (with the exception of the Abstract <u>alone</u> under Section 102).

In accordance with the Court's ruling, Scantibodies is permitted to introduce those references into evidence for the purpose of establishing invalidity of the patent under 35 U.S.C. § 102 and 103 as set forth herein.[1]

Dated: May 5, 2005

MORRISON & FOERSTER LLP

By: _____
M. Andrew Woodmansee

Attorneys for Defendants
SCANTIBODIES CLINICAL
LABORATORY, INC., AND
SCANTIBODIES LABORATORY,
INC.

---

[1] Moreover, at the time Scantibodies submitted its Memorandum of Contentions of Fact and Law, it did not have the benefit of the Court's May 5, 2005 Order, and therefore was uncertain as to which invalidity (based prior art) defenses it would be permitted to raise at trial. Therefore, Scantibodies reserved the right to rely at trial on all prior art references previously disclosed in this case but not contained in its Memorandum of Contentions of Fact and Law.