US DISTRICT COURT INDEX SHEET










RYC    5/16/05    3:00

3:02-CV-46 NICHOLS INSTITUTE V. SCANTIBODIES CLINIC

*507*

*O.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLS INSTITUTE DIAGNOSTICS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>SCANTIBODIES CLINICAL LABORATORY, INC.;<br>SCANTIBODIES LABORATORY, INC.,<br><br>Defendants. | CASE NO.: 02CV0046-B (JMA)<br><br>ORDER ON MOTIONS *IN LIMINE* |

Plaintiff, Nichols Institute Diagnostics, Inc. ("Nichols") and Defendants, Scantibodies Clinical Laboratory, Inc. and Scantibodies Laboratory, Inc. ("Scantibodies") submitted motions *in limine* to this Court in preparation for trial, scheduled May 16, 2005. The motions were heard on May 9-11, 2005.

//

The Court hereby ORDERS, in table format, as follows:

| Party and Motion No. | Motion | ORDER |
|---|---|---|
| Nichols No. 1 | Preclude 35 U.S.C. § 102 or 35 U.S.C. § 103 invalidity argument or testimony based on the "Mägerlein abstract." | **GRANTED** as to evidence or argument that the "Mägerlein abstract" alone anticipates or renders obvious the '790 patent. **DENIED** as to evidence or argument that the "Mägerlein abstract" in combination with other art renders obvious the '790 patent. |
| Nichols No. 2 | Preclude 35 U.S.C. § 102 or 35 U.S.C. § 103 invalidity argument or testimony based on Nussbaum, Blind or Bouillon. | **GRANTED** as to evidence or argument that Nussbaum, Blind or Bouillon anticipates the '790 patent. **DENIED** as to evidence or argument that Nussbaum, Blind or Bouillon alone or in combination with other art renders the '790 patent obvious. |
| Nichols No. 3 | Preclude 35 U.S.C. § 102 or 35 U.S.C. § 103 invalidity argument or testimony based on non-disclosed prior art and to exclude same from being entered into evidence at trial. | **GRANTED.** Any evidence properly requested but not presented during discovery is excluded. |

| Nichols No. 4 | Preclude 35 U.S.C. § 102 or 35 U.S.C. § 103 invalidity argument or testimony not based on memorandum of fact and law contentions. | DENIED. |
|---|---|---|
| Nichols No. 5 | Preclude Scantibodies experts from offering opinion testimony at trial not contained in Scantibodies' experts' reports. | **GRANTED** and applicable to *both* parties. |
| Nichols No. 6 | Preclude argument, testimony, or evidence that Nichols failed to test Scantibodies' capture antibody. | **GRANTED-IN-PART/DENIED-IN-PART.** If Scantibodies argues that Nichols did not run tests of the infringing product during discovery, Nichols may not rebut with evidence or argument of testing performed after the close of discovery. If, however, Scantibodies argues Nichols did not run tests of the infringing product at all, Nichols may rebut with evidence to show that they did perform tests. |

| Nichols No. 7 | Exclude evidence submitted in the rebuttal report of Dr. Lerner and to preclude reliance on same at trial. | DENIED. The discovery order contains an ambiguity regarding the timing for producing the evidence at issue. Accordingly, Scantibodies produced the evidence at a reasonable time and in compliance with the order. |
|---|---|---|
| Nichols No. 8 | Exclude testimony of Dr. Wolf Grosskopf. | MOTION WITHDRAWN. |
| Nichols No. 9 | Preclude Richard Lenart from testifying. | MOTION WITHDRAWN. |
| Nichols No. 10 | Preclude counsel from objecting to rule 30(b)(6) designations. | GRANTED. Rule 30(b)(6) does not require a party to produce the most knowledgeable representative, only one whose testimony will be binding on the party. |
| Nichols No. 11 | Exclude evidence submitted in report of Scantibodies' FDA expert and preclude reliance on same at trial. | MOTION WITHDRAWN. |
| Nichols No. 12 | Preclude testimony regarding the replacement of L.J. Deftos. | MOTION WITHDRAWN. |

| | | |
|---|---|---|
| Nichols No. 13 | Exclude evidence submitted in the report of Scantibodies' legal expert and to preclude reliance on same at trial. | GRANTED-IN-PART/DENIED-IN-PART. The witness may testify before the jury on Patent Office procedure generally, but not as related to this case. The witness also may testify in the inequitable conduct non-jury phase of the trial on what a "reasonable examiner" would consider material prior art generally and with respect to the materiality of the particular prior art in this case, but not with respect to the validity of the '790 patent in view of the prior art. |
| Nichols No. 14 | Preclude argument and testimony by Scantibodies attorneys and witnesses contrary to the court's claim construction order. | GRANTED. |
| Nichols No. 15 | Exclude Scantibodies "expert" from testifying at trial. | RULING RESERVED. The foundation laid during the trial for the witness Mr. Jones will determine his eligibility to testify and the issues on which he may testify. Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993). |

| Nichols No. 16 | Prohibit Scantibodies from benefitting from actual sales information. | DENIED. The law indicates that an infringer's post-infringement financial experiences (*e.g.* actual sales) may be considered for purposes of defining a "reasonable royalty" in a hypothetical negotiation, regardless of whether or not the infringer gained or lacked profits from the wrongful conduct. <u>Transworld Mfg. Corp. v. Al Nyman & Sons, Inc.</u>, 750 F.2d 1552, 1568 (Fed. Cir. 1984); <u>Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick</u>, 895 F.2d 1403 (Fed. Cir. 1990). |
|---|---|---|
| Nichols No. 17 | Exclude documents and information requested but not produced and documents which rely on documents and information requested but not produced. | DENIED CONDITIONALLY. If Nichols submits Mr. Garrett and Mr. Jones to depositions on the pertinent subject matter, Mr. Jones may testify at trial and the documents relied upon may be admitted. |
| Nichols No. 18 | Preclude argument and testimony by Scantibodies' attorneys and witnesses that Nichols lacks standing to prosecute this lawsuit. | GRANTED. |

| Nichols No. 19 | Exclude evidence of reexamination proceeding and actions in foreign jurisdictions on counterparts of the '790 patent. | DENIED as to foreign prosecution. This evidence is admissible in the inequitable conduct non-jury phase of the trial. GRANTED as to the pending re-examination of the '790 patent. This evidence is excluded under FRE403 because it is premature, potentially confusing and collateral. |
|---|---|---|
| Nichols No. 20 | Preclude testimony or argument that (1) correction in the '790 patent by certificate of correction was improper, dishonest or invalidating, or (2) any error in translating or typing the word "aufenwendig" narrows or disclaims subject matter of the '790 patent. | DENIED as to evidence that the correction in the '790 patent by certificate of correction was improper, dishonest or invalidating. This evidence will be heard in the inequitable conduct non-jury phase of the trial only. WITHDRAWN with respect to evidence pertaining to the translation or typing of the word "aufenwendig." |
| Nichols No. 21 | Prevent jury from hearing argument, testimony or evidence that the '790 patent is unenforceable due to inequitable conduct. | GRANTED. Inequitable conduct will be tried outside the presence of the jury. |

| Scantibodies No. 1 | Exclude testimony and experiments of Dr. Shelby Hall and all reliance on experiments conducted by Dr. Hall. | GRANTED. Dr. Hall is not designated as an expert witness and his experiments were performed after the close of discovery. |
|---|---|---|
| Scantibodies No. 2 | Exclude expert opinion and other evidence regarding opinion of counsel. | GRANTED. If defendant does not rely on the advice of counsel, any evidence of either (1) obtaining an opinion and not relying on it, or (2) not obtaining an opinion is inadmissible. Knorr-Bremse systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1345 (Fed. Cir. 2004). |
| Scantibodies No. 3 | Preclude Nichols' reliance on doctrine of equivalents. | This motion and order will be separately filed forthwith. |
| Scantibodies No. 4 | Preclude reliance on Mr. Cantor's or Scantibodies' patent to prove infringement. | WITHDRAWN. |
| Scantibodies No. 5 | Preclude evidence of a hypothetical negotiation between Scantibodies and Nichols to determine reasonable royalty. | DENIED. |
| Scantibodies No. 6 | Exclude any testimony by Dr. Leonard Deftos. | WITHDRAWN. |

| Scantibodies No. 7 | Exclude all evidence regarding Scantibodies' medicare billing practices. | DENIED. Financial records of sales and billings are admissible as a factor to be considered in the hypothetical license negotiation. Parties will refrain from referring to the agencies billed such as Medicare, Medicaid and healthcare, and no claim or implication of illegal billing practices will be introduced. |
|---|---|---|

//
//
//
//

IT IS SO ORDERED.

DATED: 5-12-05

_____
UNITED STATES SENIOR DISTRICT JUDGE

cc: All Parties
The Honorable Jan M. Adler, United States Magistrate Judge